NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-893

COMMONWEALTH

vs.

GREGORY ROBINSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a trial in the Superior Court, a jury found the defendant, Gregory Robinson, guilty of five offenses related to a shooting carried out by the driver of a white sedan.[1] The defendant filed a renewed motion for a required finding of not guilty, arguing that the evidence was insufficient to identify him as the shooter. See Mass. R. Crim. P. 25 (b) (2), as

---

[1] Assault and battery by means of a firearm, G. L. c. 265, § 15E; attempted assault and battery by means of a firearm, G. L. c. 265, § 15F; unlawfully carrying a firearm, G. L. c. 269, § 10 (a); unlawfully carrying a loaded firearm, G. L. c. 269, § 10 (n); and unlawfully possessing ammunition, G. L. c. 269, § 10 (h) (1). At trial, the parties stipulated that the defendant lacked a license to possess or carry firearms or ammunition and lacked a valid firearm identification (FID) card. See Mass. R. Crim. P. 23 (a), 471 Mass. 1501 (2015).

amended, 420 Mass. 1502 (1995).  The judge allowed the motion and ordered required findings of not guilty on all charges. Because we agree that the evidence was insufficient to establish beyond a reasonable doubt that the defendant was the shooter, we affirm.

Background.  The jury could have found the following facts. Around 11:55 P.M. on March 4, 2024, cameras attached to a home in New Bedford recorded a shooting wherein the driver of a white sedan stopped the car, got out, and fired several shots at a dark-colored sedan that subsequently drove past the white sedan. The shooter was wearing a dark-colored hoodie or sweater.  After the dark-colored car drove off, the shooter got back in the white sedan and also drove away.  Shortly afterward, two men in a dark-colored Toyota Camry with gunshot holes arrived at the hospital; one of the men was uninjured and the other had three gunshot wounds that were not life threatening.  Police interviewed the uninjured man and searched the Camry, but neither victim testified at trial.

At trial, the Commonwealth introduced, in addition to the video footage of the shooting, video footage from several surveillance cameras:  from a McDonald's approximately seventeen blocks from the shooting; and from city traffic cameras in the area between the McDonald's and the location of the shooting. The surveillance video footage from McDonald's displays the

defendant[2] driving a white sedan through the drive-through. In the surveillance video footage, he is wearing a short sleeved white T-shirt. The white sedan, a Honda Civic, had a sunroof and an off-center front license plate with a visible license plate number.[3] The defendant was in the McDonald's drive-through from approximately 11:43 $\underline{P}$.$\underline{M}$. to 11:46 $\underline{P}$.$\underline{M}$.

The surveillance video footage from the city cameras displays a white sedan a few blocks away from the McDonald's, driving in the direction of the location of the shooting. At one point, around 11:52 $\underline{P}$.$\underline{M}$., the driver of the white sedan is visibly wearing a white shirt. Beginning around 11:53 $\underline{P}$.$\underline{M}$., a dark-colored sedan is visible driving behind the white sedan. The last surveillance video footage of the white sedan before the shooting is from around 11:53 $\underline{P}$.$\underline{M}$., at a location approximately ten blocks from the shooting. In the video recordings from the traffic cameras, as well as in the video footage from the shooting, the white sedan has a sunroof and an off-center front license plate, but the license plate number is not visible. No one is in the front passenger's side seat of

---

[2] The defendant identified himself in still photographs taken from the McDonald's surveillance video footage. The defendant's mother and a woman who shares a child with the defendant also identified the defendant from that video footage.

[3] The white Civic was registered to the defendant's mother, who testified at trial that the defendant drove the car.

3

the white sedan, and no video footage provides a view of whether anyone was in the back of the car.

When police arrested the defendant over two weeks later, the front license plate of the Civic had been removed. Following negative test results for gunshot residue in the Civic, the parties stipulated that "no conclusions can be made as to whether [the car] may have been in the vicinity of a firearm when it was discharged or may have come into contact with an item with Gunshot Primer Residue on it."

At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty. The judge denied the motion but stated that he would "take another look at it if they come back with a guilty verdict." The defendant did not testify or present witnesses. After the jury returned guilty verdicts for each offense, the defendant filed a renewed motion for a required finding of not guilty, or in the alternative, for a new trial. The judge concluded that the evidence was insufficient to prove that the defendant was the shooter, allowed the motion for a required finding of not guilty, and ordered entry of a required finding of not guilty on all charges. The judge also ruled on the motion for a new trial, ordering a new trial "if an appellate court reverses [the] ruling on the sufficiency of the evidence."

4

Discussion. "In reviewing claims of insufficient evidence, we view the evidence presented at trial, together with reasonable inferences therefrom, in the light most favorable to the Commonwealth to determine whether any rational jury could have found the defendant guilty of the offense beyond a reasonable doubt." Commonwealth v. Martinez, 487 Mass. 265, 275 (2021). See Commonwealth v. Latimore, 378 Mass. 671, 676-677, (1979). "[C]ircumstantial evidence is sufficient to establish guilt beyond a reasonable doubt, and inferences drawn from such evidence need only be reasonable and possible; [they] need not be necessary or inescapable" (quotations and citations omitted). Commonwealth v. Gonzalez, 475 Mass. 396, 407 (2016). But "it is not enough for the appellate court to find that there was some record evidence, however slight, to support each essential element of the offense; it must find that there was enough evidence that could have satisfied a rational trier of fact of each such element beyond a reasonable doubt." Latimore, supra at 677-678. "Nor may a conviction rest upon the piling of inference upon inference or conjecture and speculation." Commonwealth v. Mandile, 403 Mass. 93, 94 (1988).

To identify the defendant as the shooter in this case, the evidence must establish beyond a reasonable doubt that (1) the white sedan at the shooting was the same car the defendant was driving at the McDonald's and (2) the defendant was the driver

5

of that car at the time of the shooting.  At trial, the Commonwealth presented several pieces of evidence -- namely, the surveillance video footage -- that the white sedan driven by the defendant was the same white sedan at the shooting.  However, despite the inference that the car was the same, the Commonwealth presented inadequate evidence that the defendant was the shooter.

At trial, the Commonwealth emphasized that the defendant was driving less than ten minutes before the shooting and that "the person that does the shooting gets out of the driver's seat of that white car."  All other evidence presented related to the inference that the car was the same, rather than supporting the additional inference that the driver was the same.  The Commonwealth also noted that the front license plate of the Civic had been removed by the time of the defendant's arrest.  But even if the defendant's removal of the front license plate serves as evidence of consciousness of guilt, such evidence is not a sufficient basis to establish guilt beyond a reasonable doubt.  See Gonzalez, 475 Mass. at 408-409.  Additionally, the jury could not have identified the shooter as the defendant based on any distinctive physical characteristics or even based on the clothing that the shooter wore -- the driver of the white sedan at the time of the shooting was wearing a dark sweatshirt, whereas the defendant was wearing a white T-shirt at McDonald's.

Cf. Commonwealth v. Davis, 487 Mass. 448, 463 (2021), S.C., 491 Mass. 1011 (2023) (combined evidence of location and similar appearance was sufficient to identify defendant).  The Commonwealth's "piling of inference upon inference," Gonzalez, supra at 412, quoting Mandile, 403 Mass. at 94, is insufficient to sustain the defendant's conviction in this case.  See Commonwealth v. Swafford, 441 Mass. 329, 342-343 (2004).

The Commonwealth points to Baxter v. Commonwealth, 489 Mass. 504, 504, 509 (2022), which involved sufficient evidence that a defendant, Dario Baxter, was the driver of a distinctive car seen near a shooting.  Id. at 507-509.  That case is distinguishable:  because Baxter involved accomplice liability, it was not necessary for the Commonwealth to prove that Baxter was the shooter.  See id. at 508.  Further, evidence in that case included witness identifications of the car, video footage displaying a person resembling Baxter driving the car to the location of the shooting with a person matching the description of the shooter in the front passenger's side seat, and police finding Baxter driving the car with a codefendant in the front passenger's side seat later the same day as the shooting.  Id. at 507-509.  The present case lacks the corroborating evidence of identification present in Baxter.  See id. at 508-509.

For the same reason, the Commonwealth's arguments about inferences related to the car -- that the jury were competent to

7

identify the car without expert testimony and that it is reasonable to infer the dark-colored sedan following the white sedan before the shooting was the victims' Camry -- are unavailing. The identification of the car relates only to the inference that the white sedan at McDonald's was the same as the one at the shooting. As we have noted, that inference is insufficient in the absence of other evidence to identify the defendant as the shooter. See Gonzalez, 475 Mass. at 412-413.

As in Gonzalez, although "the jury could have concluded, on this evidence, . . . that it was more likely than not that [the defendant] was the driver, the evidence was insufficient to allow a jury to draw this conclusion beyond a reasonable doubt." Gonzalez, 475 Mass. at 397. The judge properly granted the defendant's motion for a required finding of not guilty as to each of the defendant's charges in this case.[4] The order allowing the defendant's renewed motion for a required finding

---

[4] Given our conclusion, we need not address the propriety of the judge's conditional allowance of a new trial in the event we had found the evidence to be sufficient.

8

of not guilty and ordering the entry of a finding of not guilty as to all charges is affirmed.

<u>So ordered</u>.

By the Court (Massing, Ditkoff & Hand, JJ.[5]),

*Paul Little*

Clerk

Entered:  June 11, 2026.

---

[5] The panelists are listed in order of seniority.